Andrew S. Williams (177926),
awilliams@bargerwolen.com
Sandra I. Weishart (089782),
sweishart@bargerwolen.com
Vivian I. Orlando (213833),
vorlando@bargerwolen.com
BARGER & WOLEN LLP
633 West Fifth Street, 47th Floor
Los Angeles, California 90071
Telephone: (213) 680-2800
Facsimile: (213) 614-7399

Attorneys for Respondent
Transamerica Life Insurance Company

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONICA STEINBERG, an individual; and MS WEALTH MANAGEMENT & INSURANCE SERVICES, INC., a California corporation,<br><br>Petitioner,<br><br>vs.<br><br>TRANSAMERICA LIFE INSURANCE COMPANY, an Iowa corporation,<br><br>Respondent. | Case No.: SACV 13-1863 DOC (RNBx)<br><br>(Hon. David O. Carter)<br><br>RESPONDENT TRANSAMERICA LIFE INSURANCE COMPANY'S **NOTICE OF MOTION AND MOTION TO (1) DISMISS PETITION TO STAY ARBITRATION, AND (2) COMPEL ARBITRATION;** MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF<br><br>[Filed concurrently with (1) Declaration of Andrew S. Williams in Support; and (2) [Proposed] Order]<br><br>Petition Filed: November 7, 2013<br><br>Time: 8:30 a.m.<br>Date: January 27, 2014<br>Ctrm: 9D |

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

i:\office\10427\063\13pleadings\mx2dismisscompelarb3_tables.doc        -1-

**TO THE COURT, THE PETITIONERS AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on January 27, 2014 at 8:30 a.m. in Department 9D of the above-captioned Court located at 411 West Fourth Street, Santa Ana, CA 92701, or as soon thereafter as the matter may be heard, respondent Transamerica Life Insurance Company ("Transamerica") will, and hereby does, move the Court as follows: (1) for an order dismissing petitioners' Monica Steinberg and MS Wealth Management & Insurance Services, Inc.'s Petition to Stay Arbitration ("Petition") under FRCP 12(b)(6) and (2) for an order under Section 4, Title 9 of the United States Code ("Section 4"), which is part of the Federal Arbitration Act ("FAA"), compelling petitioners to arbitrate their dispute with Transamerica.

Transamerica's motion to dismiss the Petition is made on the grounds that the FAA, which applies to the parties' arbitration agreements at issue, does not provide for a stay of arbitration and, therefore, the Petition fails to state a claim upon which relief can be granted. Transamerica's motion to compel arbitration under Section 4 is made on the grounds that the parties' contracts at issue contain valid arbitration clauses which encompass the dispute between the parties.

This motion to dismiss the Petition and compel arbitration is made after conferring with counsel on November 27, 2013 pursuant to L.R. 7-3 concerning the specific grounds for the motion.

This motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Andrew S. Williams and accompanying exhibit, all other pleadings and documents on file with the Court, and the argument of counsel at the time of the hearing on the motion.

| | | |
|---|---|---|
| 1 | Dated: December 6, 2013 | BARGER & WOLEN LLP |
| 2 | | |
| 3 | | By: /s/ Andrew S. Williams |
| 4 | | ANDREW S. WILLIAMS<br>SANDRA I. WEISHART |
| 5 | | VIVIAN I. ORLANDO<br>Attorneys for Respondent |
| 6 | | Transamerica Life Insurance<br>Company |

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

TABLE OF CONTENTS

PAGE

1. INTRODUCTION ........................................................................................... 1
2. BACKGROUND ............................................................................................ 2
   A. The Parties' Contract and Agreement to Arbitrate ..................................... 2
   B. Transamerica's Dispute with Steinberg and MS Wealth and Its Demand for Arbitration Before the AAA ................................................. 3
   C. Transamerica's Lawsuit Against the AXSYS Defendants ......................... 4
   D. Steinberg and MS Wealth's State Court Petition to Stay the Arbitration ................................................................................................ 4
   E. Transamerica's Removal of the Petition to Stay Arbitration ..................... 5
3. THE ARBITRATION AGREEMENTS ARE EXPLICITLY GOVERNED BY THE FAA .......................................................................... 5
4. THE PETITION MUST BE DENIED BECAUSE THERE IS NO RIGHT TO A STAY OF ARBITRATION UNDER THE FAA ..................... 6
5. TRANSAMERICA IS ENTITLED TO AN ORDER COMPELLING STEINBERG AND MS WEALTH TO ARBITRATE THEIR LIFE INSURANCE SALES DISPUTE WITH TRANSAMERICA .......................... 8
6. CONCLUSION .............................................................................................. 9

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

# TABLE OF AUTHORITIES

PAGE

**Cases**

*Allied-Bruce Terminix Cos. v. Dobson*, 513 U.S. 265 (1995) ................................... 5

*Biomagic, Inc. v. Dutch Bros. Enters.*, LLC, 729 F. Supp. 2d 1140 (C.D. Cal. 2010) .................................................................................................................. 6, 7

*Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F. 3d 1126 (9th Cir. 2000) .......... 8

*Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213 (1985) ......................................... 8

*Kilgore v. KeyBank, N.A.*, 673 F.3d 947 (9th Cir. 2012) .......................................... 8

*Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.,* 460 U.S. 1 (1983) ................................................................................................................. 6, 9

*Southland Corp. v. Keating*, 465 U.S. 1 (1984) ........................................................ 6

*Staples v. Money Tree,* 936 F. Supp. 856 (M.D. Ala. 1996 ) ................................... 5

*U. S. Energy Corp. v. Nukem, Inc.*, 232 F.3d 903 (10th Cir. 2000) .......................... 5

*Wolsey, Ltd. v. Foodmaker, Inc.*, 144 F.3d 1205 (9th Cir. 1998) .......................... 6, 7

**Statutes**

9 U.S.C. § 2 ..................................................................................................... 5, 6, 8

9 U.S.C. § 4 ........................................................................................................ 1, 8

Code Civ. Proc. § 1281.2(c) ....................................................................... 1, 5, 6, 7

F.R.C.P. 12(b)(6) ....................................................................................................... 1

**BARGER & WOLEN** LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1. INTRODUCTION

Respondent Transamerica Life Insurance Company ("Transamerica") filed and served on petitioners Monica Steinberg ("Steinberg") and her company, MS Wealth Management & Insurance Services, Inc. ("MS Wealth"), a demand for arbitration consistent with identical arbitration clauses contained in petitioners' two written contracts with Transamerica. However, Steinberg and MS Wealth have refused to participate in the arbitration. Instead, they filed a Petition to Stay Arbitration ("Petition") pursuant to California Code of Civil Procedure § 1281.2(c)[1] in Orange County Superior Court. Transamerica timely removed the Petition to this Court on the basis of diversity jurisdiction.

By this motion, Transamerica requests two forms of relief:

First, Transamerica seeks an order under Rule 12(b)(6) of the Federal Rules of Civil Procedure dismissing the Petition with prejudice. As discussed in detail below, the Petition fails to state a claim upon which relief can be granted because the arbitration agreements at issue are governed by the Federal Arbitration Act ("FAA") under which there is no right to a stay of arbitration. While the parties here could have explicitly agreed in their contracts that the provisions of Section 1281.2(c) – which allows for a stay of arbitration under certain circumstances – would govern the arbitration instead of the FAA, they did not. Therefore, any contention by Steinberg or MS Wealth that Section 1281.2(c) should supplant (or supplement) the FAA under the circumstances is unavailing.

Second, Transamerica seeks an order under Section 4 of Title 9 of the United States Code, which is part of the FAA, compelling Steinberg and MS Wealth to arbitrate their dispute with Transamerica concerning the sale of life insurance policies. Such an order is warranted because Steinberg and MS Wealth are not

---

[1] California Code of Civil Procedure § 1281.2(c) is referred to herein as "Section 1281.2(c)."

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

i:\office\10427\063\13pleadings\mx2dismisscompelarb3_tables.doc    -1-

entitled to a stay of arbitration, the applicable arbitration provisions are valid and enforceable, and their contracts with Transamerica provide for arbitration of type of dispute involved here.

## 2. BACKGROUND

### A. The Parties' Contract and Agreement to Arbitrate

On November 8, 2011, Steinberg and Transamerica entered into an Independent Producer Agreement ("IPC"). [Steinberg IPC, Ex. A to Transamerica's Demand for Arbitration, Ex. A to the Declaration of Andrew S. Williams ("Williams Decl.")]. By way of the IPC, Steinberg was appointed by Transamerica to solicit applications for insurance and, for each policy she sold, was entitled to receive a commission according to Transamerica's applicable commission rate schedule. [IPC, §§ 1-2, 5]. Transamerica entered into an identical IPC dated February 28, 2012 with Steinberg's company, MS Wealth.[2] [MS Wealth IPC, Ex. B to Ex. 1 of the Petition; Ex. B to Transamerica's Demand for Arbitration].

The IPCs, in their respective dispute resolution sections, contain the identical agreement to arbitrate any disputes arising between the parties. [IPCs, § 7.2 ("Dispute Resolution")] Specifically, the arbitration provision reads:

> The parties agree that this agreement involves "commerce" within the meaning of the Federal Arbitration Act, and that any dispute between the parties arising out of or related to this agreement will be resolved by binding arbitration in accordance with this Section and the rules for arbitration of commercial disputes of the American Arbitration Association. The arbitration will take place in Los Angeles, California, unless we mutually agree to another location.

---

[2] The Petition incorrectly states that Transamerica's demand for arbitration is based on an arbitration provision in the IPC with MS Wealth – the inference being that there is only one IPC. (Petition, p. 2, ¶ 3). In fact, the arbitration demand is based on the arbitration provisions in both Steinberg's IPC *and* MS Wealth's IPC. While both IPCs are attached to Transamerica's demand for arbitration, the Petition (for reasons unknown) only attaches MS Wealth's IPC. (Petition, Exhibit B).

[*See* IPCs, § 7.2]. This dispute resolution section further states that each party waives the right to a trial by either a jury or a court, that there is no right to appeal the arbitrator's award, and that punitive and non-compensatory damages are waived. *Id*.

In a separate section unrelated to the dispute resolution provision, the IPCs contain identical, generic choice of law provisions which state that the IPCs will be "construed in accordance with the laws of the State of California." [IPCs, § 9.7].

B. <u>Transamerica's Dispute with Steinberg and MS Wealth and Its Demand for Arbitration Before the AAA</u>

In early 2013, Transamerica discovered that Steinberg was engaged in the practice of secretly (and in contravention of Transamerica's rules and regulations) arranging for the payment of first year premium on Transamerica indexed universal life insurance policies ("IUL policies") on behalf of policy applicants who could not afford the coverage, did not want to pay for the coverage, did not understand the nature of the coverage, and/or who had no intent of keeping the coverage in force through the payment of future premiums. [*See* Allegations and Claims in Support of Arb. Demand, ¶¶ 10-11]. Steinberg's scheme included falsifying signatures, falsifying certain material application information (such as income and net worth figures) and the misuse of applicants' bank accounts. [*Id*. at ¶¶ 12-14].

Steinberg made money by engaging in the above-described scheme because the commissions paid for IUL policies exceeded the first year premium for such policies, and payment was "heaped" in the first year (*id*. at ¶ 5), which meant that Steinberg profited on each policy sold and issued even if she paid (or arranged the payment of) the first year premium. The financial impact of Steinberg's conduct on Transamerica was substantial. Steinberg was the producer of record for 17 IUL policies. Each policy lapsed for failure to pay the second year premium. *Id*. at ¶ 23. As a result, Transamerica has been damaged in the amount of at least $630,000 representing, among other things, commissions that Transamerica paid in excess of premiums it received for the 17 IUL policies. [*Id*. at ¶ 16].

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

On or about August 19, 2013, in light of the above dispute relating to Steinberg's sale of the IUL policies and because the IPCs contained the above-quoted arbitration provisions, Transamerica filed a demand for arbitration with the AAA against Steinberg and MS Wealth. [Ex. A to the Williams Decl.] Steinberg and MS Wealth refused to participate in the arbitration and instead filed their Petition on November 9, 2013.

### C. Transamerica's Lawsuit Against the AXSYS Defendants

On September 19, 2013, Transamerica filed a lawsuit in state court against several third parties with whom Transamerica has no contractual relationship (the "AXSYS action"). [*See* Complaint in the AXSYS action, Ex. 2 to Petitioners' Request for Judicial Notice in support of Petition]. The AXSYS action arises from the defendants' involvement in the solicitation, sale and funding of 172 Transamerica IUL policies. In substance, the AXSYS action alleges that the defendants were directly involved in a life insurance scam (along with several Transamerica producers) to manufacture the sale of IUL policies for the sole purpose of capitalizing on the commission structure described above. The AXSYS defendants accomplished this through misleading individuals who did not require or could not afford IUL policies into applying for the IUL policies, falsifying application material (and particularly financial information), forging signatures, secretly paying for (or arranging the payment of) all or most of the first year premium on all policies, and engaging in various forms of bank fraud. [*See*, *e.g.*, Complaint in the AXSYS action, ¶¶ 33-47, 67 a-f]. Steinberg is indicated as the producer of record for 17 of the 172 policies at issue in the AXSYS action.

The AXSYS lawsuit was removed to federal court on October 23, 2013 and is pending before Judge Andrew J. Guilford.

### D. Steinberg and MS Wealth's State Court Petition to Stay the Arbitration

On November 7, 2013, Steinberg and MS Wealth filed the Petition. The Petition argues that Steinberg and MS Wealth are entitled to a stay of the arbitration

demanded by Transamerica under Section 1281.2(c) because the AXSYS action is related to the arbitration and, purportedly, presents the possibility of conflicting rulings if the arbitration is not stayed.[3]

### E. Transamerica's Removal of the Petition to Stay Arbitration

On November 27, 2013, Transamerica removed the Petition to this Court on the basis of diversity jurisdiction.

## 3. **THE ARBITRATION AGREEMENTS ARE EXPLICITLY GOVERNED BY THE FAA**

The FAA governs the enforcement of arbitration agreements involving interstate commerce. 9 U.S.C. § 2. Although the FAA does not create independent federal jurisdiction, the Supreme Court has held that the FAA creates a body of substantive federal law governing arbitration agreements within its coverage. *See Allied-Bruce Terminix Cos. v. Dobson*, 513 U.S. 265, 270-72 (1995). Here, as set forth in the IPCs, "the parties agree that [the IPCs] involves 'commerce' within the meaning of the Federal Arbitration Act." [IPCs, § 7.2 ("Dispute Resolution")]. Therefore, the FAA applies to and governs the parties' arbitration agreements. *See, e.g.*, *U. S. Energy Corp. v. Nukem, Inc.*, 232 F.3d 903, (10th Cir. 2000) (FAA applied where parties stipulated to binding arbitration pursuant to FAA); *Staples v. Money Tree,* 936 F. Supp. 856, 858-59 (M.D. Ala. 1996 ) (stating that where parties "stipulated that the contract between them involves interstate commerce within the meaning of the FAA, the court must, and will, enforce the stipulation and apply the FAA to the arbitration agreement contained in the contract").

/ / /

/ / /

---

[3] Section 1281.2(c) allows a trial court the discretion to stay arbitration if "[a] party to the arbitration agreement is also a party to a pending court action …with a third party, arising out of the same transaction or series of related transactions and there is a possibility of conflicting rulings on a common issue of law or fact."

## 4. THE PETITION MUST BE DENIED BECAUSE THERE IS NO RIGHT TO A STAY OF ARBITRATION UNDER THE FAA

Section 2 of the FAA does not afford courts the discretion to refuse enforcement of arbitration agreements, "save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2; *see Southland Corp. v. Keating*, 465 U.S. 1, 11 (1984). Thus, even if there is a likelihood of conflicting rulings in arbitration and litigation, courts may not stay the arbitration. *Biomagic, Inc. v. Dutch Bros. Enters.*, LLC, 729 F. Supp. 2d 1140, 1143 (C.D. Cal. 2010). Indeed, the United States Supreme Court has indicated that the FAA "*requires* piecemeal litigation when necessary to give effect to an arbitration agreement." *Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.,* 460 U.S. 1, 20 (1983) (emphasis in original).

The Petition is based entirely on Section 1281.2(c) of the California Arbitration Act. Section 1281.2(c) allows a trial court the discretion to stay arbitration when a party to the arbitration agreement is involved in a related lawsuit against third parties and there is a risk of conflicting rulings. *See* Cal. Code of Civ. Pro § 1281.2(c). But the only way Section 1281.2(c) is applicable to an agreement that would otherwise be governed by the FAA (like the IPCs here) is if the parties specifically include language in their agreement that demonstrates an intent to by governed by arbitration rules other than those encompassed by the FAA. *See Wolsey, Ltd. v. Foodmaker, Inc.*, 144 F.3d 1205, 1212-13 (9th Cir. 1998).

Here, the IPCs do not contain any language from which one can conclude that the parties intended Section 1281.2(c) to apply in lieu of the FAA. The IPCs do not, for example, reference Section 1281.2(c), or any other California statute governing arbitration, nor, more generally, do they mention the right of the parties to seek a stay of arbitration. Rather, as set forth above, the IPCs' arbitration clauses expressly reference the FAA. That the parties explicitly agreed in their arbitration clauses that the IPCs involved "commerce" within the meaning of the FAA strongly indicates the

parties' intent to apply the FAA to any arbitrable dispute.  Moreover, with respect to the rules applicable to the handling of the arbitration proceedings, the parties chose the AAA's rules for arbitration of commercial disputes.

While the IPCs contain generic choice of law provisions which provide that the contracts should "be construed in accordance with the laws of the State of California," such provisions alone are insufficient to demonstrate that the parties intended to be governed by Section 1281.2(c) of the California Arbitration Act. *See Wolsey*, 144 F. 3d at 1213; *Biomagic*, 729 F. Supp. 2d at 1146 ("A general choice of law clause, without more, does not show that the parties intended to incorporate state procedural rules on arbitration.").

*Biomagic*, *supra*, is instructive and supports Transamerica's position in this matter.  There, relying on Section 1281.2(c), the defendants moved to stay a pending arbitration.  Defendants argued that Section 1281.2(c) applied because the parties' contract contained a choice of law provision stating that the contract would "be construed, and the legal relations between the parties [t]hereto shall be determined, in accordance with the law of the State of California, and any actions to enforce this agreement shall take place in California." *Biomagic*, 729 F. Supp. 2d at 1147–48.  Relying on the Ninth Circuit's decision in *Wolsey*, however, the court held that the choice of law provision was insufficient to bind the parties under Section 1281.2(c). *Id.* at 1149.  Such language, the court found, did not alone demonstrate the parties' intent to be governed by a California procedural rule that differed from the FAA. *Id.*  Therefore, the court held that the FAA applied and that Section 1281.2(c) could not be relied upon to stay arbitration. *Id.*  As a result, the court denied the defendants' motion to stay. *Id.*

Applying *Wolsey* and *Biomagic* to the facts here, Steinberg and MS Wealth's reliance on the IPCs' California choice of law provisions to support their argument that Section 1281.2(c) entitles them to a stay of arbitration would be misplaced. While the parties were free to conduct their arbitration under any rules they wished to

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

-7-

choose, including Section 1281.2(c), nothing in the IPCs demonstrates that they intended to supplant the FAA when they entered into the IPCs. To the contrary, as noted above, the IPCs' arbitration provisions specifically reference the FAA.

Because the FAA is applicable, it does not allow for a stay of arbitration, and, as discussed above, there is no basis to conclude Section 1291.2(c) applies. Thus, the Petition fails to state a claim upon which relief can be granted and is therefore subject to dismissal with prejudice, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## 5. TRANSAMERICA IS ENTITLED TO AN ORDER COMPELLING STEINBERG AND MS WEALTH TO ARBITRATE THEIR LIFE INSURANCE SALES DISPUTE WITH TRANSAMERICA

Under Section 2 of the FAA, an arbitration agreement "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The FAA permits "a party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration [to] petition any United States District Court … for an order directing that such arbitration proceed in the manner provided for in [the arbitration] agreement." 9 U.S.C. § 4.

Given the liberal federal policy favoring arbitration, the FAA "mandates that district courts shall direct parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 218 (1985). Thus, in deciding a motion to compel arbitration, the Court's role is limited to determining "(1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Kilgore v. KeyBank, N.A.*, 673 F.3d 947, 955-56 (9th Cir. 2012) (citing *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F. 3d 1126, 1130 (9th Cir. 2000)). If these factors are met, the court must enforce the arbitration agreement in accordance with its precise terms. *Id*. Because of the strong policy favoring arbitration, all doubts are resolved in favor

of the party moving to compel arbitration. *Moses H. Cone Mem. Hosp.*, 460 U.S. at 24.

The IPCs, among other things, authorized Steinberg and MS Wealth to solicit Transamerica insurance policies and receive commissions for the sale of such policies. There is no dispute that the IPCs contained valid agreements to arbitrate *any* dispute "arising out of or related to [the IPCs]." Nor can there be any legitimate argument that the IPCs' arbitration agreements do not encompass the parties' dispute over the solicitation, sale and commissions paid for the 17 Transamerica IUL policies discussed above. Therefore, because there is no valid basis to stay the arbitration, this Court should issue an order compelling Steinberg and MS Wealth to arbitrate their dispute with Transamerica.

## 6. CONCLUSION

For the foregoing reasons, the Petition should be dismissed and the Court should issue an order compelling Steinberg and MS Wealth to arbitrate their dispute with Transamerica.

Dated: December 6, 2013          BARGER & WOLEN LLP


By: /s/ Andrew S. Williams
ANDREW S. WILLIAMS
SANDRA I. WEISHART
VIVIAN I. ORLANDO
Attorneys for Respondent
Transamerica Life Insurance
Company