JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 13-1863 AG (RNBx) | Date | January 27, 2014 |
|---|---|---|---|
| Title | MONICA STEINBERG et al. v. TRANSAMERICA LIFE INSURANCE COMPANY | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**Proceedings:** [IN CHAMBERS] ORDER GRANTING MOTION TO (1) DISMISS PETITION TO STAY ARBITRATION, AND (2) COMPEL ARBITRATION

Respondent Transamerica Life Insurance Company filed a Motion to (1) Dismiss Petition to Stay Arbitration and (2) Compel Arbitration. (Motion, Dkt. No. 10.) Petitioners Monica Steinberg and MS Wealth Management and Insurance Services, Inc. oppose the Motion. (Opp'n, Dkt. No. 14.)

The Court, as it must under the Federal Arbitration Act, GRANTS the Motion.

## BACKGROUND

Steinberg sold insurance policies for Transamerica under an Independent Producer Agreement ("IPC"). (Steinberg IPC, Dkt. No. 10-1 pp. 28–38, at §§ 1, 5.) Steinberg, and her company MS Wealth Management, each entered into identical IPCs with Transamerica. (*See* MS Wealth IPC, Dkt. No. 10-1 pp. 49–59.) The IPC contains a dispute resolution provision, which provides in relevant part:

JS - 6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-1863 AG (RNBx) | Date | January 27, 2014 |
|---|---|---|---|
| Title | MONICA STEINBERG et al. v. TRANSAMERICA LIFE INSURANCE COMPANY | | |

> The parties agree that this agreement involves "commerce" within the meaning of the Federal Arbitration Act, and that any dispute between the parties arising out of or related to this agreement will be resolved by binding arbitration in accordance with this Section and the rules for arbitration of commercial disputes of the American Arbitration Association. The arbitration will take place in Los Angeles, California, unless we mutually agree to another location.

(Steinberg IPC § 7.2.)

According to Transamerica, it discovered that Steinberg was violating the IPC and profiting from a scheme to defraud Transamerica. (Transamerica Life Insurance Company's Demand for Commercial Arbitration ("Arbitration Demand"), Dkt. No. 10-1 Ex. A. pp. 6–26, ¶¶ 10–16.) In August 2013, Transamerica filed a demand for arbitration with the American Arbitration Association against Steinberg and MS Wealth. (*Id.*)

Transamerica then filed a lawsuit in state court against AXSYS Group, Inc. and other third parties that Transamerica alleges were involved in a related life insurance scam. (AXSYS Complaint, Dkt. No. 1 pp. 84–109.) Defendants in that lawsuit removed the AXSYS lawsuit to federal court, which is now pending as a separate case in this Court. (AXSYS Notice of Removal, Dkt. No. 1 pp. 111–18.)

According to Petitioners Steinberg and MS Wealth Management, there is a risk of conflicting rulings if they arbitrate their dispute with Transamerica while the AXSYS lawsuit proceeds separately. (*See* Petition to Stay Arbitration, Dkt. No. 1 pp. 18–26.) So in response to Transamerica's arbitration demand, Petitioners filed a Petition to Stay Arbitration ("Petition") in California state court. (*Id.*) They base their Petition on California Code of Civil Procedure section 1281.2(c), which allows a court to "stay arbitration pending the outcome of the court action" when a "party to the arbitration agreement is also a party to a pending court action . . . with a third party, arising out of the same transaction or series of related transactions and there is a possibility of conflicting

JS - 6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-1863 AG (RNBx) | Date | January 27, 2014 |
|---|---|---|---|
| Title | MONICA STEINBERG et al. v. TRANSAMERICA LIFE INSURANCE COMPANY | | |

rulings on a common issue of law or fact." Cal. Civ. Code. Civ. P. § 1281.2(c).

Transamerica removed the Petition to this Court. (Notice of Removal, Dkt. No. 1.) It then filed its Motion to (1) Dismiss Petition to Stay Arbitration, and (2) Compel Arbitration.

## ANALYSIS

### 1. MOTION TO DISMISS PETITION TO STAY ARBITRATION

#### 1.1 Legal Standard

Transamerica asks the Court to dismiss the Petition for failing to state a claim under Federal Rule of Civil Procedure 12(b)(6). A court should grant a motion to dismiss under Rule 12(b)(6) when, "accepting all factual allegations in [pled by the nonmoving party] as true and construing them in the light most favorable to the nonmoving party," the Petition fails to state a claim upon which relief can be granted. *See Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1014 (9th Cir. 2012); *see* Fed. R. Civ. P. 12(b)(6).

#### 1.2 Analysis

Transamerica argues that the Petition fails to state a claim because the Federal Arbitration Act ("FAA") requires arbitration. Under the FAA, "save upon such grounds as exist at law or in equity for the revocation of any contract," arbitration agreements are "valid, irrevocable, and enforceable." 9 U.S.C. § 2; *see also Kilgore v. KeyBank, Nat. Ass'n*, 718 F.3d 1052, 1057 (9th Cir. 2013) (en banc). Even "if there's a chance of conflicting rulings in an arbitration and litigation, the court may not stay the arbitration." *BioMagic, Inc. v. Dutch Bros. Enterprises, LLC*, 729 F. Supp. 2d 1140, 1143 (C.D. Cal. 2010) (citing 9 U.S.C. § 3). Therefore, if the FAA governs the arbitration agreement here, the Court may not permit a stay of arbitration.

But, looking to *state law*, the parties are also "free to enter into contracts providing for

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-1863 AG (RNBx) | Date | January 27, 2014 |
|---|---|---|---|
| Title | MONICA STEINBERG et al. v. TRANSAMERICA LIFE INSURANCE COMPANY | | |

arbitration under rules established by state law rather than under rules established by the FAA." *Wolsey, Ltd. v. Foodmaker, Inc.*, 144 F.3d 1205, 1209 (9th Cir. 1998) (deciding whether the parties intended to incorporate California Code of Civil Procedure § 1281.2(c) into their agreement). "In other words, parties are free to contract around the FAA by incorporating state arbitration rules into their agreements." *Id.*

In their Opposition to the Motion, Petitioners don't mention the FAA at all, let alone explicitly argue that the parties contracted around it. Nor do Petitioners cite any authority concerning the FAA. Instead, Petitioners argue that Transamerica agreed to be subject to the laws of California and the jurisdiction of California state courts. (Opp'n at 2–4.) To the extent that Petitioners imply that the parties contracted around the FAA, the Court is not persuaded.

Petitioners note that the IPCs were executed in California, provide that arbitration will take place in California, and further provide that the "agreement shall be construed in accordance with the laws of the State of California, without giving effect to principles of conflict of laws." (Opp'n at 3 (quoting IPC ¶ 9.7.) But none of these facts, including the choice-of-law provision, shows that the parties agreed to be bound by section 1281.2(c) instead of the FAA. *See BioMagic*, 728 F. Supp. 2d at 1146 ("A general choice of law clause, without more, does not show that the parties intended to incorporate state procedural rules on arbitration.").

Petitioners' remaining arguments were considered and found either unpersuasive or unsupported by adequate authority. The Court GRANTS the Motion to Dismiss the Petition.

**2.    MOTION TO COMPEL ARBITRATION**

    **2.1    Legal Standard**

Transamerica seeks an order under the FAA compelling Petitioners to arbitrate their

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-1863 AG (RNBx) | Date | January 27, 2014 |
|---|---|---|---|
| Title | MONICA STEINBERG et al. v. TRANSAMERICA LIFE INSURANCE COMPANY | | |

dispute. The FAA provides that "[a] party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court . . . for an order directing that such arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4. The Act "mandates that district courts *shall* direct parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Kilgore*, 718 F.3d at 1058 (quoting *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985)). The role of the court is to determine "(1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Id.*

### 2.2 Analysis

Transamerica argues that the IPCs constitute valid arbitration agreements that encompass the parties' dispute. Petitioners do not argue otherwise. Instead, Petitioners argue that Transamerica has not shown that Petitioners have refused to arbitrate the dispute, and so there is no basis to compel them to arbitrate. (Opp'n at 4.) For the Court to compel arbitration, there must be a "failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration." 9 U.S.C. § 4.

But Petitioners have refused to arbitrate. After Transamerica demanded arbitration, Petitioners filed a petition to stay arbitration in state court instead of proceeding with arbitration. A petition to stay arbitration constitutes a refusal to arbitrate. *Schweizer Aircraft Corp. v. Local 1752, Int'l Union, United Auto., Aerospace & Agr. Implement Workers of Am.*, 29 F.3d 83, 87 (2d Cir. 1994).

The Court finds that Petitioners have refused to arbitrate under a valid arbitration agreement encompassing the parties' dispute. Accordingly, the Court GRANTS the Motion to Compel Arbitration.

**DISPOSITION**

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-1863 AG (RNBx) | Date | January 27, 2014 |
|---|---|---|---|
| Title | MONICA STEINBERG et al. v. TRANSAMERICA LIFE INSURANCE COMPANY | | |

The Court GRANTS the Motion. The Court DISMISSES the Petition to Stay Arbitration and COMPELS arbitration.

: 0

Initials of Preparer